**GRIBBEN, Patricia, plaintiff,**

v.

**WAL–MART STORES, INC., defendant.**

**No. 94S00–0403–CQ–130.**

Supreme Court of Indiana.

March 26, 2004.

### ORDER

The United States District Court for the Southern District of Indiana, Indianapolis

Division, has certified two questions of Indiana state law for this Court's consideration pursuant to Indiana Appellate Rule 64. The questions arise in *Patricia Gribben v. Wal–Mart Stores, Inc.*, case no. 1:03–cv–1411–VSS/SEB. The questions, as framed by the federal district court, are:

1. Does Indiana law recognize a claim for "first-party" spoliation of evidence; that is, if an alleged tortfeasor negligently or intentionally destroys or discards evidence that is relevant to a tort action does the plaintiff in the tort action have an additional cognizable claim against the tortfeasor for spoliation of evidence?

2. If so, what are the elements of the tort, and must a plaintiff elect between pursuing the spoliation claim and utilizing an evidentiary inference against the alleged tortfeasor in the underlying tort action?

The request has been considered by each member of the Court, and the certified questions are accepted pursuant to Appellate Rule 64. The Court directs simultaneous briefing as follows.

The respective sides in the federal action are each allowed a single main brief and a single response brief. The plaintiff's briefs shall be bound with blue covers; the defendant's with red covers. Except to the extent this order directs otherwise, the four briefs shall substantially conform to the provisions of Appellate Rules 43 and 44. In addition, an appendix shall be filed containing copies of documents from the federal court that the parties believe are necessary or helpful for deciding the questions, including, as applicable, the items listed in Appellate Rule 50. It is anticipated that the parties will confer and agree on the material to be included in an appendix. The cover of the appendix shall be blue and labeled "Plaintiff's Appendix."

An original and five copies of each brief and appendix are to be filed with our Clerk and single copies of any filings shall be served on all counsel of record.

The two main briefs must be filed by March 3, 2004. These briefs shall, to the extent reasonably practical, conform to the provisions of Appellate Rule 46(A). The briefs may not exceed 8400 words, exclusive of the items listed in Appellate Rule 44(C) and shall be accompanied by the verified statement of word count referred to in Appellate Rule 44(F). The two response briefs must be filed by May 25, 2004. These briefs may not exceed 2400 words exclusive of the items listed in Appellate Rule 44(C), and shall be accompanied by the verified statement of word count referred to in Appellate Rule 44(F). The appendix must be filed along with the main briefs. Extensions of time will be granted only under extraordinary circumstances and any motion seeking an extension of time must be made jointly by both parties.